**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| | : | |
| JOANNE FABER, | : | CIVIL ACTION NO. 09-3529 (MLC) |
| | : | |
|     Plaintiff, | : | **MEMORANDUM OPINION** |
| | : | |
|     v. | : | |
| | : | |
| JUDGE FRANK A. BUCZYNSKI JR., | : | |
| | : | |
|     Defendant. | : | |
| | : | |

**THE PLAINTIFF** (1) is <u>pro</u> <u>se</u> and paid the filing fee, (2)
brings this action against the defendant, Judge Frank A. Buczynski
Jr. ("Judge Buczynski"), who is a judge of the New Jersey Superior
Court, and (3) alleges that Judge Buczynski violated her federal
rights (a) while overseeing a state court action ("State Action")
concerning a property dispute because Judge Buczynski "did not
adjudicate in accordance with the Court's Jurisdiction", and (b)
by "proceed[ing] to award real property or real estate to a
private party".  (Dkt. entry no. 1, Compl. at 2.)  The plaintiff
specifically seeks "a declaration that the June 12, 2009 Order
[("June 2009 Order")] by [Judge Buczynski] authorizing forfeiture
of private property be void". (<u>Id.</u> at 4.)

    **THIS COURT** may:

> <u>sua</u> <u>sponte</u> dismiss a complaint for lack of subject
> matter jurisdiction pursuant to Federal Rule of Civil
> Procedure 12(b)(1) when the allegations within the
> complaint "are so attenuated and unsubstantial as to be
> absolutely devoid of merit, ... wholly insubstantial,
> ... obviously frivolous, ... plainly unsubstantial, ...
> or no longer open to discussion."

DeGrazia v. Fed. Bur. of Investigation, 316 Fed.Appx. 172, 173 (3d Cir. 2009) (quoting Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)).

**THE PLAINTIFF** is attempting to avoid the June 2009 Order. The proper way to do so is to seek review through the state appellate process and then seek certiorari directly to the United States Supreme Court.  See D.C. Ct. of Apps. v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Tr. Co., 263 U.S. 413, 414-16 (1923).  The Rooker-Feldman doctrine prohibits a federal court from voiding a state court's decision and preventing a state court from enforcing its orders.  See McAllister v. Allegheny County Fam. Div., 128 Fed.Appx. 901, 902 (3d Cir. 2005).  This Court cannot directly or indirectly review, negate, void, or provide relief that would invalidate a state court decision, i.e., the June 2009 Order.  See, e.g., Moncrief v. Chase Manhattan Mtge. Corp., 275 Fed.Appx. 149, 152-53 (3d Cir. 2008) (affirming judgment dismissing claims concerning state foreclosure action, inter alia, as barred by Rooker-Feldman doctrine because plaintiff sought redress from state court judgment).

**THE STATE ACTION** may also still be ongoing.  A federal court must abstain from exercising jurisdiction, pursuant to the Younger abstention doctrine, when (1) a state-court action is ongoing, (2) important state interests are implicated, and (3) there is an adequate opportunity to raise federal claims in state court.  See Middlesex County Ethics Comm. v. Garden State Bar

Ass'n, 457 U.S. 423, 435 (1982); Younger v. Harris, 401 U.S. 37, 43-54 (1971).  This Court cannot interfere with an ongoing state court action.

   **THE PLAINTIFF'S CLAIMS** are also barred under the absolute immunity doctrine, as Judge Buczynski's alleged conduct concerns judicial acts.  Judges cannot be held civilly liable for their judicial acts, even when those acts are in excess of their jurisdiction and are alleged to have been done maliciously or corruptly.  See Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Figueroa v. Blackburn, 208 F.3d 435, 440 (3d Cir. 2000).

   **THE COURT** will dismiss the Complaint for the aforementioned reasons.  The Court will issue an appropriate order and judgment.


                                    s/ Mary L. Cooper
                                  **MARY L. COOPER**
                                  United States District Judge

Dated:    July 24, 2009